## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **MOHIT NONE,** | : | |
| *Petitioner,* | : | |
| | : | |
| v. | : | **CIVIL NO. 26-3549** |
| | : | |
| **J.L. JAMISON et al.,** | : | |
| *Respondents.* | : | |
| | : | |

**Scott, J.**                                                                                    **May 28, 2026**

### MEMORANDUM

Petitioner Mohit None filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241, seeking immediate release. ECF No. 1 at 2 [hereinafter Pet.]. None alleges, among other things, that his detention by the United States Immigration and Customs Enforcement ("ICE") violates his Due Process rights and the Immigration and Nationality Act ("INA"). *Id.* ¶¶ 46–57.

None is a noncitizen from India. Pet. ¶ 30. He entered the United States on May 11, 2024. *Id.* ¶ 36. The Department of Homeland Security placed None in removal proceedings, and None also filed an application for asylum that remains pending. *Id.* ¶ 37–38. On May 22, 2026—more than two years after None entered the country—ICE took him into custody at the Federal Detention Center in Philadelphia during a scheduled check-in appointment. *Id.* ¶ 43–44.

On the Government's view, None is detained pursuant to 8 U.S.C. § 1225(b)(2), which states that "an alien who is an applicant for admission, if the examining immigration officer determines that an alien seeking admission is not clearly and beyond a doubt entitled to be admitted, the alien shall be detained for a proceeding under section 1229a of this title." *See also* ECF No. 5 at 4–5 [hereinafter Government's Resp.]. None challenges the Government's

1

interpretation, instead arguing that his detention violates the INA and that the relevant statutory framework is that of § 1226(a).  Pet. ¶ 45–52.

The Government argues, unconvincingly, that None is detained under § 1225(a)(1) and § 1225(b)(2) because he is, on the Government's view, an "applicant for admission." Government's Resp. at 5–7.  As the Government acknowledges throughout its briefing, "the law is piled sky high against" it on this issue.  *Rios Porras v. O'Neill*, 2025 WL 3708900, at *2 (E.D. Pa. Dec. 22, 2025) (also collecting cases); *see also* Government's Resp. at 4 (noting that "courts in this district (and many elsewhere) have concluded that § 1225(b)(2)(A) does not apply . . . .").  Moreover, None has been in the United States for more than two years, which strains credulity to consider him an "arriving alien" as the Government insists.  *See, e.g.*, *Bhatia v. O'Neill*, 2025 WL 3530075, at *2 (E.D. Pa. Dec. 9, 2025) ("The unambiguous plain meaning of an 'applicant for admission' who is 'seeking admission' is a noncitizen at a port of entry seeking to cross into the United States, not one who has already resided in the United States.").  Accordingly, the Court rejects the Government's argument that § 1225 applies here.

For the same reasons given in *Kashranov v. Jamison* and *Demirel v. Fed. Det. Ctr. Philadelphia*, this Court holds that None's detention violates the INA.  2025 WL 3188399 (E.D. Pa. Nov. 14, 2025); 2025 WL 3218243 (E.D. Pa. Nov. 18, 2025); *see also Ndiaye v. Jamison*, 2025 WL 3229307 (E.D. Pa. Nov. 19, 2025); *Cantu-Cortes v. O'Neill*, 2025 W 3171639 (E.D. Pa. Nov. 13, 2025).

This Court therefore grants None's request for immediate release, given that his detention under 8 U.S.C. § 1225(b)(2) violates the INA and a bond hearing is unnecessary because nothing in the record suggests that None is a harm to the community or a flight risk.  Moreover, ICE is enjoined from detaining None under 8 U.S.C. § 1226(a) for seven days following his release.